OPINION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| GERARDO MANZANO-LOPEZ, | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  B-09-032 |
| | § | (CRIMINAL NO.  B-07-849) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Gerardo Manzano-Lopez's (Lopez) Motion to Vacate, Set Aside, or

Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Docket No. 1). The United States has filed a

Motion to Dismiss, or alternatively, a Motion for Summary Judgment.  (Docket No. 12).  Lopez's

motion should be denied for reasons explained below.

## FACTUAL AND PROCEDURAL BACKGROUND

The record is unclear as to when and how Lopez, an undocumented alien, originally entered

the United States.  Lopez's criminal history places him in the United States as early as 1996 when

he was charged with Unlawful Blood Alcohol Level while operating a motor vehicle in the state of

Michigan.  Twice more in the following two months was Lopez convicted of operating vehicles

under the influence of alcohol.

On January 15, 2001, Lopez was again arrested for operating a motor vehicle under the

influence of alcohol.  While originally sentenced to 364 days, Lopez violated the terms of his

probation and was sentenced to an additional 180 days.  Lopez was removed from the United States on March 12, 2002. Adding the original sentence imposed to the additional sentence for violating the terms of Lopez's probation yields a final sentence in excess of one-year.  *See* U.S.S.G. § 4A1.2(k)(1).

The Sentencing Guidelines make it clear that any federal, state, or local offense punishable by imprisonment for a term exceeding one year is a felony. U.S.S.G. § 2L1.2.

In October of 2005 Lopez was again found in the United States unlawfully during routine local jail checks conducted by the United States Border Patrol.  Lopez pleaded guilty to violating 8 U.S.C. § 1326(a) and (b)(1).  Lopez was sentenced to a year in the custody of the Bureau of Prisons and a three-year term of supervised release and removed from the United States once more on October 19, 2006.

On August 16, 2007, when Lopez was again found in a local jail by the United States Border Patrol, the instant criminal action began. Lopez was again found, as he had been in 2006, with no lawful right to be in the United States.  Moreover, Lopez at the time of pleading guilty to the instant indictment had at least two felonies in his criminal history background: (1) a DWI for which he served more than a year, and (2) a 8 U.S.C. § 1326(a) and (b)(1) conviction.

Lopez pleaded guilty in the Southern District of Texas, Brownsville Division, to being found illegally in the United States after having been deported and after having been previously convicted of a felony in violation of 8 U.S.C. § 1326(a) and (b)(1).  United States District Judge Hilda G. Tagle sentenced Lopez to:  twenty-one months in prison; an additional eight-month term sentence for the revocation of a prior supervised release term; a three-year term of supervised release without

2

supervision; and a $100 special assessment.  No fine was imposed.

Lopez challenged his sentence via direct appeal, but that appeal was dismissed, at his request, on March 26, 2008.  (Crim. Docket No. 28).  Lopez filed his first Motion to Vacate, Set Aside, or Correct Sentence on October 14, 2008, that was also later dismissed at his request, on February 13, 2009.  Lopez then filed the instant action on February 2, 2009.  (Docket No. 1).  The United States filed its motion to dismiss on June 5, 2009.  (Docket No. 12).

## ALLEGATIONS

Lopez alleges that his counsel was ineffective because: (1) a DUI conviction is not a deportable offense; (2) that his attorney did not ask for a downward departure based on mitigating circumstances; and (3) his attorney did not request concurrent sentencing.

## HABEAS STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, there are four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.  The nature of a collateral challenge is extremely limited, being reserved only for issues of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If the error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct

3

appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

# DISCUSSION

## I. Lopez's motion is timely.

The Court must determine whether it may properly consider claims brought pursuant to a § 2255 motion before addressing the specific allegations within.  The issue of Lopez's timeliness in filing his § 2255 motion is particularly significant. *United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998) (addressing as a threshold issue the question of whether or not Movant's § 2255 motion was time-barred).

Title 28 U.S.C. § 2255 provides a one-year time limitation for filing a motion to vacate, set aside, or correct sentence.  The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final for § 2255 purposes at the expiration of the direct appellate

process.  *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005).  The direct appellate process ends when a final judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Lopez filed an appeal with the Fifth Circuit that was dismissed at his request, on March 26, 2008, but he did not file a Petition for Writ of Certiorari with the Supreme Court of the United States.  In the absence of a Petition for Writ of Certiorari, the judgment becomes final ninety days after the court of appeals enters its judgment.  *Clay v. United States*, 537 U.S. 522, 525 (2003). ("[F]or federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) Lopez was required to file a § 2255 motion by June 25, 2009, or one year from the expiration of the time he had to file a Petition for Writ of Certiorari.  Lopez  filed the instant motion on February 2, 2009, and so, his petition is timely.

## II. Lopez's ineffective assistance of counsel claims are meritless.

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the

5

> defense. This requires showing that counsel's errors were so serious
> as to deprive the defendant of a fair trial, a trial whose result is
> reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The *Strickland* standard also applies to

allegations of defective appellate counsel as well.  *See Williams v. Collins*, 16 F.3d 626, 635 (5th

Cir. 1994).

In order to demonstrate that his attorney's performance was constitutionally deficient, a

convicted defendant must show that counsel's representation "fell below an objective standard of

reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477

U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d

149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513

U.S. 1114 (1995).  A convicted defendant carries the burden of proof and must overcome a strong

presumption that the conduct of his trial counsel falls within a wide range of reasonable professional

assistance.  *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th

Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174

(1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

Additionally "an error by counsel, even if professionally unreasonable, does not warrant

setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."

*Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. "Any deficiencies in counsel's

performance must be prejudicial to the defense in order to constitute ineffective assistance under the

Constitution." *Id.*  In order to establish that he sustained prejudice, the convicted defendant "must

show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694; *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (stating that a petitioner must show a reasonable probability that but for his appellate counsel's error, the outcome of his appeal would have been different).

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair.  Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.  *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

Because a convicted defendant must satisfy *both* prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong.  *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210.  Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice.  *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987).  It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.  *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

Lopez alleges that his counsel was ineffective because: (i) a DUI conviction is not a

7

deportable offense; (ii) that his attorney did not ask for a downward departure based on mitigating circumstances; and (iii) his attorney did not request concurrent sentencing.

     i.     Claims surrounding the 2002 DUI

In 2002 after serving his sentence for driving under the influence of liquor, and subsequent sentence for violating the terms of his probation, Lopez was removed from the United States on March 12, 2002. Lopez confuses coincidence with causation. It is undisputed that in 2002 Lopez had no lawful right to be in the United States and that fact alone made him subject to removal from the United States. It is a factual coincidence, and not legal causation, that he was removed after having been convicted of DUI. The DUI conviction did not make Lopez removable, but instead he was removable regardless of any conviction as he possessed no right to be in the United States. Thus, whether a DUI was a deportable offense at the time of Lopez's removal is irrelevant given Lopez's legal status in the United States at the time of his removal.

In light of the above, it was not professionally unreasonable attorney conduct to not collaterally attack the prior order of removal. In order to attack a prior order of removal, an alien must establish that: (1) the prior deportation hearing was fundamentally unfair; (2) the hearing effectively eliminated the alien's right to seek judicial review of the removal order; and (3) that the procedural deficiencies caused actual prejudice and that he has exhausted his administrative remedies. 8 U.S.C. § 1326(d)(1). Lopez's attorney when looking at the above-outlined three prerequisites could have, employing reasonable attorney judgment, decided that such attacks would have been fruitless. First, it is doubtful that Lopez could establish all three of the § 1326(d)(1) requirements given the present record before the Court. Second, even if Lopez's attorney successfully attacked the prior order of removal arising after the DUI conviction, another felony,

a § 1326 conviction would have sufficed to charge and convict Lopez of violating § 1326.

Again, Lopez seems to equate factual coincidence with legal causation. Lopez was removed from the United States in 2002 not because he was convicted of DUI, but because he was found in the United States with no lawful right to be in the United States. Thus, the only non-frivolous manner in which Lopez's attorney may have attacked the 2002 removal was to establish that Lopez had a lawful right to be in the United States. It could not be more clear that he did not.

Moreover, even if the 2002 removal was found to have been unlawful it has no bearing on the fact that Lopez was convicted of a felonious DUI in 2002. It also would have no impact on the fact that he was again found in the United States in 2006. Therefore, in the instant case, arguing against the removal following the DUI would have not made a difference. That deficiency proves fatal to a claim of ineffective assistance of counsel because even if the failure to collaterally attack can be labeled as professionally unreasonable conduct, which the Court does not, Lopez's current case in no way suffered actual prejudice. *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992).

<u>ii.</u>      <u>Failure to ask for a downward departure</u>

Lopez claims that he was entitled to a downward departure because he was in the process of becoming a legal resident through his wife's citizenship. Moreover, he also alleges that his attorney's failure to present mitigating factors and to argue for a downward departure was ineffective assistance of counsel.

Lopez is mistaken that his attorney failed to present mitigating information to support a downward departure in his sentence. Lopez's attorney did provide relevant information to be included in the presentence investigation report that was presented to the trial court. *See Final Presentence Investigation Report* at 10 (Crim. Docket No. 18 ). In addition, Lopez's attorney

argued at sentencing for a fourteen-month imprisonment and for a minimum sentence on Lopez's revocation charge.  Although Lopez's attorney's recommendation of fourteen months was not adopted, Lopez nevertheless was sentenced to the minimum advised by the Sentencing Guidelines. Moreover, the maximum statutory sentence for a violation of 8 U.S.C. 1326(a) and (b)(1) is ten years in prison. 8 U.S.C. 1326(a)(b)(1).  However, Lopez was sentenced to a twenty-one month imprisonment term with an eight-month term being added for his supervised release violation.

Moreover,  absent the trial court's clear misunderstanding of its discretion to depart, no jurisdiction exists to review a refusal to depart. 18 U.S.C. § 3742(a); *see also United States v. Belt,* 89 F.3d 710, 714 (10th Cir. 1996).  The decision to grant a downward departure is solely the discretion of the trial court. *Id*.  Because discretion lies with the sentencing court, no evidence exists in the record that would show that had his attorney made the argument –in fact he did– the outcome of the proceeding would have been different.  *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992).

iii. Failure to ask for a concurrent sentence

Lopez cannot show prejudice due to his counsel's failure to raise the issue of concurrent sentencing with the sentencing court. *United States v. Torrez*, 40 F.3d 84, 88 n. 2 (5th Cir.1994); *United States v. McCarthy*, 77 F.3d 522 (1st Cir.1996), *cert. denied*, 117 S.Ct. 771 (1997).  Lopez's claim is meritless.

**CERTIFICATE OF APPEALABILITY**

Unless a circuit justice or judge issues a Certificate of Appealability (CA), a movant may not appeal to the Fifth Circuit from a § 2255 motion.  28 U.S.C. § 2253(c)(1).  A movant may receive a CA only if he makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2);

10

*Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).  To satisfy this standard, a movant must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El,* 537 U.S. at 327; *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Moreno v. Dretke,* 450 F.3d 158, 163 (5th Cir. 2006).

Although Lopez has not yet filed a notice of appeal, the Court may *sua sponte* rule on a CA because the district court that denies relief to a movant is in the best position to determine whether the movant has made a substantial showing of a denial of a constitutional right on the issues before the court.  To further brief and argue the very issues on which the court has just ruled would be repetitious. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Lopez's motion the Court is confident that no outstanding issue would be debatable among jurists of reason.  In the context of a CA, the Court finds that Lopez's claims fail to show that reasonable jurists would find that the issues presented are adequate to deserve encouragement to proceed further.  *Slack,* 529 U.S. at 484.  Although Lopez's  motion raises important issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, a CA should be denied. *Slack,* 529 U.S. at  484.


## RECOMMENDATION

The Court finds that Movant's motion should be DENIED.  The United States Motion to Dismiss should be GRANTED, and their Motion for Summary Judgment should be DISMISSED as MOOT.

**NOTICE TO PARTIES**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 24th day of August 2009.


Felix Recio
United States Magistrate Judge